IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


IRENE CHAPMAN,                         )
                                       )
              Plaintiff,               )
                                       )
      v.                               )        No. 04 C 7625
                                       )
WORLDWIDE ASSET MANAGEMENT,            )
L.L.C. and WORLDWIDE ASSET             )
PURCHASING, L.L.C.                     )
                                       )
              Defendants.              )


## MEMORANDUM OPINION AND ORDER


Named plaintiff Irene Chapman alleges that defendants Worldwide Asset Management, L.L.C. and Worldwide Asset Purchasing, L.L.C. are debt collectors as that term is used in the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. She contends that privacy notices sent with attempts to collect a debt were in violation of the FDCPA because the notices set forth a policy of disclosures to third parties that is inconsistent with provisions of the FDCPA. Defendants' Rule 12(b)(6) motion to dismiss the Complaint was previously denied. See Chapman v. Worldwide Asset Management, L.L.C., 2005 WL 818880 (N.D. Ill. April 6, 2005). Named plaintiff's motion for class certification is presently being briefed.

Defendants seek to depose one of plaintiff's attorneys, Daniel Edelman. Defendants contend such information is pertinent to the class certification issues of whether named plaintiff and her counsel will fairly and adequately represent and protect the interests of the putative class. See Fed. R. Civ. P. 23(a)(4), 23(g)(1). Plaintiff contends defendants have adequate information without deposing Edelman and that the deposition is instead harassment of class counsel and an attempt by defendants' counsel to impress current and potential clients by engaging in a highly combative style of litigation in defense of FDCPA actions. Plaintiff also contends that defendants are precluded from contending class counsel is inadequate because defendants' counsel has implicitly admitted the qualifications of class counsel in other FDCPA litigation in which plaintiff's and defendants' counsel have been involved.

It is unnecessary to determine whether entering into a settlement agreement in a class action is an admission by the attorney for a settling defendant that the attorney for the class is adequate as required by Rule 23. Defendants were not parties to the prior litigation involving the two attorneys. Absent additional reasons for placing them in privity with the other clients, defendants are not estopped based on litigation positions taken by their attorney on behalf of other clients. See Barrow v. Falck, 11 F.3d 729, 731 (7th Cir. 1993); Metro

Industries, Inc. v. Sammi Corp., 82 F.3d 839, 848 (9th Cir.),

cert. denied, 519 U.S. 868 (1996); Freeman v. Lester Coggins

Trucking, Inc., 771 F.2d 860, 865 (5th Cir. 1985); Holland v.

Fahnestock & Co., 2003 WL 21697880 *5 (S.D.N.Y. July 21, 2003);

American Special Risk Insurance Co. v. City of Centerline,

2002 WL 1480821 *7 (E.D. Mich. June 24, 2002). Compare Tice v.

American Airlines, Inc., 162 F.3d 966 (7th Cir. 1998), cert.

denied, 527 U.S. 1036 (1999); Conte v. Justice, 996 F.2d 1398,

1402-03 (2d Cir. 1993); Petit v. City of Chicago, 1999 WL

66539 *5 (N.D. Ill. Feb. 8, 1999); Meador v. Oryx Energy Co.,

87 F. Supp. 2d 658, 665 (E.D. Tex. 2000). Also, that an attorney

was adequate at a prior period of time and in another case would

not conclusively resolve the issue of whether he is presently

qualified in a different case. Cf. Barrow, 11 F.3d at 731.

Moreover, regardless of the present or prior litigation positions

of the parties, this court has an independent duty to determine

the adequacy of class representation. See Szabo v. Bridgeport

Machines, Inc., 249 F.3d 672, 677 (7th Cir.), cert. denied,

534 U.S. 951 (2001); In re General Motors Corp. Engine

Interchange Litigation, 594 F.2d 1106, 1134 (7th Cir.), cert.

denied, 444 U.S. 870 (1979); Abrams v. Van Kampen Funds, Inc.,

2002 WL 1989401 *2 (N.D. Ill. Aug. 27, 2002). Prior litigation

positions taken by any of the parties in this case will not

preclude an independent and appropriate examination of the adequacy of class representation.

Defendants contend[1] they are entitled to further inquiry regarding the competency of class counsel because class counsel (or other members of class counsel's firm) has been criticized or sanctioned in some class action cases. Defendants cite a case where counsel was sanctioned under 28 U.S.C. § 1927,[2] a case where the magistrate judge recommended imposing § 1927 sanctions,[3] and a case that was dismissed without prejudice because apparently duplicative of another pending putative class action and § 1927 sanctions were thereafter imposed.[4] Defendants apparently would question Edelman about these cases and any other cases in which he or a member of his firm was criticized or sanctioned, or in which class certification was denied.

Defendants do not show a particularized need to depose Edelman. To the extent there are a substantial number of cases involving Edelman's firm in which class certification was denied

---

[1]Defendants electronically filed their answer brief. Counsel for defendants is reminded that, although he filed electronically, he is still required to provide the assigned judge a paper copy of briefs and other pleadings. See Loc. R. 5.2(e).

[2]This case is presently on appeal.

[3]In this case, the district judge has not yet ruled on objections to the magistrate judge's report.

[4]This case is presently on appeal.

or sanctions imposed, a Westlaw search will disclose many of them.[5] Additionally, responses to two interrogatories that defendants have propounded will provide a list of additional cases. Defendants have provided a copy of the responses to those interrogatories in which plaintiff interposed objections. This issue is not before the court because defendants have not brought a motion to compel and there is no indication that the attempts at resolution required by Local Rule 37.2 have yet taken place. It is noted, though, that today's opinion essentially rejects the objection based on the prior settlements. Also, there appears to be no basis for raising an attorney-client privilege or work-product objection to disclosing rulings in prior cases. The parties should attempt to resolve any remaining dispute regarding the interrogatories.

Deposing an attorney involved in litigating the case before the court is generally disfavored. In re Subpoena Issued to Friedman, 350 F.3d 65, 71 (2d Cir. 2003); Cook Inc. v. C.R. Bard, Inc., 2003 WL 23009047 *2 (S.D. Ind. Sept. 18, 2003). There is, however, no absolute ban on deposing litigating counsel. Friedman, 350 F.3d at 71; Cook, 2003 WL 23009047 at *2. In determining whether to permit the deposition of a litigating attorney, all relevant facts and circumstances should be

_____

[5]It is recognized that some rulings of this type are not accompanied by a memorandum opinion and therefore not all such cases will appear on Westlaw.

considered in determining whether such a deposition represents an undue burden.  Friedman, 350 F.3d at 72.

> Such considerations may include the need to
> depose the lawyer, the lawyer's role in
> connection with the matter on which discovery is
> sought and in relation to the pending litigation,
> the risk of encountering privilege and
> work-product issues, and the extent of discovery
> already conducted.  These factors may, in some
> circumstances, be especially appropriate to
> consider in determining whether interrogatories
> should be used at least initially and sometimes
> in lieu of a deposition.  Under this approach,
> the fact that the proposed deponent is a lawyer
> does not automatically insulate him or her from a
> deposition nor automatically require prior resort
> to alternative discovery devices, but it is a
> circumstance to be considered.

Id.  See also aaiPharma, Inc. v. Kremers Urban Development Co., 361 F. Supp. 2d 770, 774-75 (N.D. Ill. 2005); qad.inc v. ALN Associates, Inc., 132 F.R.D. 492, 495 (N.D. Ill. 1990) (quoting Marco Island Partners v. Oak Development Corp., 117 F.R.D. 418, 419-20 (N.D. Ill. 1987)),

Here, there does not appear to be a particular need to depose Edelman.  Opinions and other public documents from prior cases should be more than sufficient to suit defendants' purpose. Defendants' own independent research and plaintiff's answers to interrogatories should be more than sufficient for defendants' purposes.  Any deposition of Edelman is more likely to be harassment or an attempt to obtain insights into counsel's litigation strategy than a genuine search for useful information.

IT IS THEREFORE ORDERED that plaintiff's motion to quash the deposition of Daniel A. Edelman [29] is granted.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED:  JUNE  15  , 2005