IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IRENE CHAPMAN,            )
                          )
            Plaintiff,    )
                          )
       v.                 )    No. 04 C 7625
                          )
WORLDWIDE ASSET MANAGEMENT,)
L.L.C. and WORLDWIDE ASSET )
PURCHASING, L.L.C.,       )
                          )
            Defendants.   )

**MEMORANDUM OPINION AND ORDER**

In this putative class action, named plaintiff Irene Chapman alleges that a notice she received regarding defendants' privacy policy--that is defendants' policy about sharing information about plaintiff--was part of an attempt to collect a debt. Named as defendants are Worldwide Asset Management, L.L.C. and Worldwide Asset Purchasing, L.L.C. Plaintiff contends that statements in the privacy policy violate provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. Defendants' motion to dismiss the complaint was previously denied. See Chapman v. Worldwide Asset Management, L.L.C., 2005 WL 818880 (N.D. Ill. April 6, 2005) ("Chapman I"). Presently pending is plaintiff's motion for class certification which is opposed by defendants.

The burden is on plaintiff to demonstrate that all the requirements for class certification are satisfied. <u>Retired Chicago Police Association v. City of Chicago</u>, 7 F.3d 584, 596 (7th Cir. 1993), <u>cert. denied</u>, 519 U.S. 932 (1996); <u>Dawson v. Allied Interstate, Inc.</u>, 2005 WL 1692606 *1 (N.D. Ill. July 13, 2005); <u>Oshana v. Coca-Cola Bottling Co.</u>, 225 F.R.D. 575, 579-80 (N.D. Ill. 2005). Federal Rule of Civil Procedure 23(a) requires that the following four prerequisites be satisfied: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Failure to meet any one of these requirements precludes certification of a class. <u>Retired Chicago Police</u>, 7 F.3d at 596; <u>Dawson</u>, 2005 WL 1692606 at *1; <u>Jackson v. National Action Financial Services, Inc.</u>, 227 F.R.D. 284, 286 (N.D. Ill. 2005). If the Rule 23(a) elements are satisfied, plaintiffs must also satisfy one of the subsections of Rule 23(b).

In ruling on class certification, the court has an independent duty to scrutinize the appropriateness of class certification; the court is not limited to arguments made by a party opposing certification. <u>Davis v. Hutchins</u>, 321 F.3d 641,

649 (7th Cir. 2003); In re General Motors Corp. Engine Interchange Litigation, 594 F.2d 1106, 1134 (7th Cir.), cert. denied, 444 U.S. 870 (1979). See also Szabo v. Bridgeport Machines, Inc., 249 F.3d 672, 677 (7th Cir.), cert. denied, 534 U.S. 951 (2001). Additionally, in determining whether to grant certification, whether a claim will ultimately be successful is not a consideration. Payton v. County of Kane, 308 F.3d 673, 677 (7th Cir. 2002), cert. denied, 540 U.S. 812 (2003); Rahim v. Sheahan, 2001 WL 1263493 *9-10 (N.D. Ill. Oct. 19, 2001). However, that does not mean that the merits of claims can be completely ignored. The "boundary between a class determination and the merits may not always be easily discernible." Retired Chicago Police, 7 F.3d at 598-99 (quoting Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, 657 F.2d 890, 895 (7th Cir. 1981), cert. denied, 455 U.S. 1017 (1982)). In order to resolve questions of typicality or whether common questions predominate, it is sometimes necessary to determine the contours of the applicable law. See Szabo, 249 F.3d at 676-77; Retired Chicago Police, 7 F.3d at 598-99 (quoting General Telephone Co. of Southwest v. Falcon, 457 U.S. 147, 160 (1982)); Jones v. Risk Management Alternatives, Inc., 2003 WL 21654365 *2 n.2 (N.D. Ill. July 11, 2003); Peoples v. Sebring Capital Corp., 2002 WL 406979 *2 (N.D. Ill. March 15, 2002).

In this case, named plaintiff seeks to certify a Rule 23(b)(3) class. Plaintiff's proposed class definition: is "(a) all natural persons with Illinois, Indiana, or Wisconsin addresses, (b) to whom WAM and/or WAP sent a notice in the form represented by Exhibit A of the Complaint, (c) on or after November 23, 2003, and (d) on or before December 13, 2004." The first date is one year prior to the filing of the Complaint and the second date is 20 days after the filing of the Complaint.

Rule 23(a)(1) requires that the class be so numerous that joinder of all the members is impracticable. Plaintiff need not demonstrate the exact number of class members as long as that conclusion is apparent from good-faith estimates. Bowe Bell + Howell Co. v. Immco Employees' Association, 2005 WL 1139645 *3 (N.D. Ill. May 11, 2005); Lucas v. GC Services L.P., 226 F.R.D. 337, 340 (N.D. Ind. 2005). The estimates may be supported by "common sense assumptions." Bell + Howell, 2005 WL 1139645 at *3; Lucas, 226 F.R.D. at 340; Maxwell v. Arrow Financial Services, LLC, 2004 WL 719278 *2 (N.D. Ill. March 31, 2004). "Courts have found that it is reasonable to assume the number of potential class members satisfies the numerosity requirement when the defendant allegedly used 'preprinted, standardized debt collection letters in attempting to collect on the [allegedly delinquent] debt.'" Lucas, 226 F.R.D. at 340 (quoting Hamid v. Blatt, Hasenmiller, Leibsker, Moore & Pellettieri, 2001 WL

1543516 *3 (N.D. Ill. Nov. 30, 2001) (citing Peters v. AT & T Corp., 179 F.R.D. 564, 567-68 (N.D. Ill. 1998))); Maxwell, 2004 WL 719278 at *3 (same). Inferences may also be drawn based on the size of the pertinent entity. Lucas, 226 F.R.D. at 340; Ingram v. Corporate Receivables, Inc., 2003 WL 21982152 *2 (N.D. Ill. Aug. 19, 2003). Still, a finding of numerosity cannot be based on conclusory allegations that joinder is impracticable or speculation about the size of the class. Muro v. Target Corp., 2005 WL 1705828 *13 (N.D. Ill. July 15, 2005) (quoting Marcial v. Coronet Insurance Co., 880 F.2d 954, 957 (7th Cir. 1989)); Bell + Howell, 2005 WL 1139645 at *3.

Here, plaintiff has not provided a general estimate as to the size of the class.[1] However, named plaintiff received a form collection letter. Plaintiff also provides securities filings supporting that WAM is one of the nation's largest debt buyers and that, along with its affiliates, it generates over $100,000,000 in annual revenues. Additionally, plaintiff notes that the mailing to her had indicia that it was part of a discounted mass mailing that would require at least 200 pieces of mail. The class, though, is limited to three states, so that

---

[1] As of the filing of its motion, plaintiff still had not received discovery relevant to this issue. In her reply, plaintiff does not state whether the discovery had yet been received, limiting its reply to issues raised by defendant in opposition to class certification.

does not necessarily mean a minimum of 200 class members. In any event, the form letter and the size of defendants' business support that the number of mailings would be more than large enough to satisfy numerosity. Moreover, defendants do not contend that the facts are otherwise or present any contrary evidence. The only reasonable inference is that the number of potential class members is well more than 200 persons. Numerosity is satisfied.

Here, there are questions common to the class. Common questions will include whether the form letter violates the FDCPA and possibly which defendant was responsible for the letter and whether each defendant is a debt collector as that term is used in the FDCPA. See Chapman I, 2005 WL 818880 at *3-4. Such common questions are likely to predominate. Whether a particular plaintiff received the form letter should be readily ascertainable from defendants' records. Issues as to individual plaintiffs' states of mind should not arise because defendants' conduct is to be judged from an objective unsophisticated consumer viewpoint. See Durkin v. Equifax Check Services, Inc., 406 F.3d 410, 414 (7th Cir. 2005); Smith v. American Revenue Corp., 2005 WL 1162906 *4 (N.D. Ind. May 16, 2005). Also, individual damages issues should not arise because the class would be entitled to statutory damages even absent actual damages. See Keele v. Wexler, 149 F.3d 589, 593-94 (7th

Cir. 1998); Smith, 2005 WL 1162906 at *4. Here, common issues are likely to predominate and a class action would be the superior means of adjudication in that the common questions will so predominate and the potential individual recoveries are limited compared to the potential litigation costs. Cf. Lucas, 226 F.R.D. at 342; Maxwell, 2004 WL 719278 at *6. Rule 23(a)(2)'s requirement of common questions is satisfied and Rule 23(b)(3)'s requirements are satisfied.

Rule 23(a)(3) requires that the claims of the class representatives be typical of the claims of the class. The typicality requirement primarily focuses "on whether the named representatives' claims have the same essential characteristics as the claims of the class at large. 'A plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory.'" De La Fuente v. Stokely-Van Camp, Inc., 713 F.2d 225, 232 (7th Cir. 1983) (quoting Herbert Newberg, Class Actions ¶ 1115(b) at 185 (1977)). Accord Retired Chicago Police, 7 F.3d at 596-97; Rahim, 2001 WL 1263493 at *14. It is only necessary for the claim of the class representative and the claims of the class at large to have the "same essential characteristics;" there may still be differences. Retired Chicago Police, 7 F.3d at 597 (quoting De La Fuente, 713 F.2d at 232); Hardesty v. International Steel

Group, Inc., 2005 WL 1712257 *2 (N.D. Ind. July 21, 2005); Rahim, 2001 WL 1263493 at *14. Similar legal theories may control despite factual distinctions. See Rosario v. Livaditis, 963 F.2d 1013, 1018 (7th Cir. 1992), cert. denied, 506 U.S. 1051 (1993); Hardesty, 2005 WL 1712257 at *2; Clay v. American Tobacco Co., 188 F.R.D. 483, 491-92 (S.D. Ill. 1999). "The key to typicality is based on the relationship between the class representative and the class members: are the named plaintiff's interests aligned with those of the proposed class in such a way that the representative, in pursuing his own claims, will also advance the interest of the class?" Rahim, 2001 WL 1263493 at *14; Murry v. America's Mortgage Banc, Inc., 2005 WL 1323364 *8 (N.D. Ill. May 5, 2005). See also In re Bromine Antitrust Litigation, 203 F.R.D. 403, 409 (S.D. Ind. 2001).

By definition, all members of the class will be persons who received the form notice. There is no indication that named plaintiff is situated differently than other members of the class. The typicality requirement is satisfied.

Last, Rule 23(a)(4) requires that the named representative adequately represent the interests of the class. Three elements must be satisfied: "(1) the class representative cannot have antagonistic or conflicting claims with other members of the class; (2) the class representative must have a 'sufficient interest in the outcome to ensure vigorous advocacy;'

(3) counsel for the class representative must be competent, experienced, qualified and generally able to conduct the proposed litigation vigorously." Lifanda v. Elmhurst Dodge, 2001 WL 755189 at *3 (N.D. Ill. July 2, 2001) (quoting Chandler v. Southwest Jeep-Eagle, Inc., 162 F.R.D. 302, 308 (N.D. Ill. 1995)). Accord Dawson, 2005 WL 1692606 at *2; Robles v. Corporate Receivables, Inc., 220 F.R.D. 306, 314 (N.D. Ill. 2004). Defendants contend Rule 23(a)(4) is not satisfied because named plaintiff herself is not adequately aware of the proceeding and class counsel is not competent.

"[A]s long as a class representative's interests do not conflict with those of the proposed class, she need only have a marginal familiarity with the facts of her case and need not understand the larger legal theories upon which her case is based." Randle v. GC Services, L.P., 181 F.R.D. 602, 604 (N.D. Ill. 1998). Accord Carbajal v. Capital One, 219 F.R.D. 437, 442 (N.D. Ill. 2004); Lifanda, 2001 WL 755189 at *3. The class representative should be conscientious and have a basic understanding of the litigation. Carbajal, 219 F.R.D. at 442.

There is no contention that named plaintiff has a conflict of interest and nothing before the court indicates that any conflict exists. Defendants selectively point to named plaintiff's deposition testimony. At her deposition, however, plaintiff showed an understanding that the lawsuit involved the

issue of defendants sharing her and other class members' information with third parties. That is sufficient knowledge of the case. Cf. Jandek v. Hearst Corp., 1999 WL 966966 *2 (N.D. Ill. Oct. 1, 1999); McFarland v. Bass & Associates, P.C., 1998 WL 42286 *5 (N.D. Ill. Jan. 30, 1998). Plaintiff clearly expressed her understanding that she had a responsibility to act for the class and not just her own self-interest. Defendants point to her testimony regarding an unrelated case in which she was also the named plaintiff. She testified that she was settling that case for the benefit of a class. Defendants contend that is inconsistent with the fact that the case was not certified as a class action and instead settled on an individual basis. As plaintiff points out, however, the settlement was in negotiations at the time of her deposition and it subsequently turned out that there was not a basis for certifying the case as a class action. It is found that plaintiff herself is an adequate representative.

Defendants also contend that the attorneys selected by plaintiff are not adequate representatives. Under a recent amendment to Rule 23, this court must appoint class counsel.

> In appointing class counsel, the court
> (i) must consider:
> • the work counsel has done in identifying or investigating potential claims in the action,
> • counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action,

> •counsel's knowledge of the applicable law,
> and
> •the resources counsel will commit to
> representing the class;
> (ii) may consider any other matter pertinent
> to counsel's ability to fairly and adequately
> represent the interests of the class;
> (iii) may direct potential class counsel to
> provide information on any subject pertinent to
> the appointment and to propose terms for attorney
> fees and nontaxable costs; and
> (iv) may make further orders in connection
> with the appointment.

Fed. R. Civ. P. 23(g)(1)(C).

Plaintiff is represented by Daniel Edelman and other attorneys at Edelman, Combs, Latturner & Goodwin, L.L.C. Edelman and his law firm have substantial experience with FDCPA and other consumer litigation, including class actions. They have the resources to handle the present case. This court has previously found Edelman and his firm to be capable counsel for representing consumers in class actions, including FDCPA cases. See, e.g., Krause v. GE Capital Mortgage Services, Inc., 1998 WL 831896 *7 (N.D. Ill. Nov. 20, 1998) (Hart, J.) (RICO and state consumer fraud claims related to credit fees); McFarland, 1998 WL 42286 at *5 (Hart, J.) (FDCPA); Brown v. LaSalle Northwest National Bank, 1993 WL 313563 *5 (N.D. Ill. Aug. 17, 1993) (Hart, J.) (RICO and state consumer fraud claims related to financing of automobile sales); Pleasant v. Risk Management Alternatives, Inc., 2003 WL 22175390 *5 (N.D. Ill. Sept. 19, 2003) (Coar, J.)

(FDCPA); Bigalke v. Creditrust Corp., 2001 WL 1098047 *11-12 (N.D. Ill. Sept. 14, 2001) (Brown, J.) (FDCPA); Jandek, 1999 WL 966966 at *2-3 (Gottschall, J.) (FDCPA). That counsel has been found adequate in other cases is persuasive evidence that they will be found adequate again. Morris v. Risk Management Alternatives, Inc., 203 F.R.D. 336, 344 (N.D. Ill. 2001) (quoting Gomez v. Illinois State Board of Education, 117 F.R.D. 394, 401 (N.D. Ill. 1987)). There have already been three contested motions in this case, a motion to dismiss, see Chapman I, 2005 WL 818880, a motion to quash, see Memorandum Opinion & Order dated June 15, 2005 (Docket Entry 35), and the present motion for class certification. The pleadings filed on behalf of plaintiff support that Edelman and his firm continue to be capable and well-qualified counsel in FDCPA class actions.

Defendants point to three cases in which Edelman or his firm has been sanctioned by the court, contending that this shows he is not qualified to represent the class. In Riddle & Associates, P.C. v. Kelly, 414 F.3d 832 (7th Cir. 2005), the Seventh Circuit upheld the imposition of 28 U.S.C. § 1927 sanctions on Edelman's firm after a letter was sent to the law firm Riddle & Associates, P.C., accusing it of violating the FDCPA and Riddle successfully brought a declaratory judgment action for a declaration that there had been no violation. The Seventh Circuit also held that the law firm representing Riddle

was entitled to § 1927 sanctions based on a counterclaim filed against that firm. In both instances, Edelman was personally involved and it was held that frivolous FDCPA contentions were asserted or defended. In D'Agostino v. Lawrence, No. 04 C 3660 (March 9, 2005) (Docket Entries 20-21), the court imposed § 1927 sanctions against Edelman's law firm for bringing a purported class action that contained no potential members because another pending putative class action (Iosello v. Lexington Law Firm) already included all potential members. That ruling is presently on appeal. In Iosello v. Lexington Law Firm, No. 03 C 987 (N.D. Ill. Dec. 1, 2004) (Docket Entry 195), the magistrate judge has recommended that § 1927 sanctions be imposed on Edelman and/or other members of his law firm[2] for continuing to pursue a motion to take the D'Agostino case as related after the D'Agostino case had been dismissed. Objections to the report and recommendation of the magistrate judge are pending before the district judge.

Plaintiff contends the sanctions should not be viewed negatively as regards counsel's qualifications. She contends the sanctions were incurred while providing vigorous representation. Sanctionable conduct should not be equated with vigorous or zealous representation. An attorney's duty to zealously

---

[2]The magistrate judge's report and recommendation does not specify who is to be sanctioned. The sanction motion apparently requests sanctions be imposed on the law firm.

- 13 -

represent a client does not permit sanctionable conduct such as making frivolous arguments on behalf of the client. See Speights v. Frank, 361 F.3d 962, 964 (7th Cir.), cert. denied, 125 S. Ct. 119 (2004). This court certainly does not condone the sanctionable conduct of pursuing frivolous arguments or litigation nor does it view such conduct as evidence of vigorous representation. Nevertheless, the court does not find that these examples of sanctionable conduct show that counsel cannot adequately represent a class in this case. While counsel may in other cases have gone beyond the bounds of proper representation, their record here supports that they are competent for this case. It is found that plaintiff's counsel are adequately qualified to represent the class. The class will be certified and plaintiff's counsel will be appointed as class counsel.

IT IS THEREFORE ORDERED that plaintiff's motion for class certification [26] is granted. Daniel A. Edelman and the law firm of Edelman, Combs, Latturner & Goodwin, L.L.C. are appointed as class counsel. A class is certified consisting of: all natural persons with Illinois, Indiana, or Wisconsin addresses, to whom defendant(s) sent a notice in the form represented by Exhibit A of the Complaint and who received the notice on or after November 23, 2003 and on or before December 13, 2004. Any persons affiliated with one or more defendant are excluded from the class. The parties shall promptly meet to discuss a form of

notice to the class. By September 12, 2005, the parties shall submit a proposed notice to the class.

        ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: AUGUST **30**, 2005